```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x
UNITED STATES OF AMERICA                JUDGMENT INCLUDING SENTENCE
         -v-                            UNDER THE SENTENCING REFORM ACT

GLADSTONE BLAIR                         CASE NUMBER:CR-03-1368(ARR)
--------------------------------------x        FRANCISCO E. CELEDONIO, ESQ
                                           401 BROADWAY, 25th FL.
                                           NEW YORK,NEW YORK 10013
                                           Defendant's Attorney & Address
```

THE DEFENDANT:
XXX   pleaded guilty to count one of the superseding indictment.
___   was found guilty on counts                  after a plea of not guilty.
      Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 952 & 963 | CONSPIRACY TO IMPORT & POSSESS WITH INTENT TO DISTRIBUTE MARIJUANA. | ONE(1) |

The defendant is sentenced as provided in pages 2 through   of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___   The defendant has been found not guilty on count(s)          and is discharged as to such count(s).
XXX   Remaining counts are dismissed on the motion of the United States.
XXX   It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due XXX immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec _____           APRIL 12,2006
                                            Date of Imposition of Sentence
Defendant's Date of Birth 9/8/62                       ARR

Defendant's Mailing Address:                ALLYNE R. ROSS, U.S.D.J.

172-45 128th AVENUE                             APRIL 12,2006
                                                   Date
JAMAICA,NEW YORK 11434
                                            A TRUE COPY ATTEST
Defendant's Residence Address:              Date:_____
                                            ROBERT C. HEINEMANN
     ( SAME AS ABOVE )                         CLERK OF COURT

_____           By:_____

                                                DEPUTY CLERK

```
```
```
```
**Defendant:** GLADSTONE BLAIR  
**Case Number:** CR-03-1368(ARR)

Judgment - Page      of

## PROBATION

The defendant is hereby placed on probation for a term of <u>four (4) years</u>.

While on probation, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this Judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution. The defendant shall comply with the following additional conditions:

1) DEFT SHALL SERVE NINE (9) MONTHS HOME CONFINEMENT.
2) DEFT SHALL NOT POSSESS ANY FIREARMS.

Defendant: GLADSTONE BLAIR                                    Judgment - Page of
Case Number: CR-03-1368(ARR)

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

**Defendant: GLADSTONE BLAIR**                                          Judgment - Page    of
**Case Number:CR-03-1368(ARR)**

## FINE WITH SPECIAL ASSESSMENT

     The defendant shall pay to the United States the sum of $ 100.00    , consisting of a fine of $   N/A       and a special assessment of $ 100.00             .

___   These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

        This sum shall be paid ___ immediately
                                   ___ as follows:

**XXX**  The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

             ___ The interest requirement is waived.
             ___ The interest requirement is modified as follows:

1    THE COURT: I certainly hope not.

2    I turn first to a calculation of the advisory
3 guideline. Both parties agree that the defendant's base
4 offense level is 24, that he should be accorded a safety valve
5 deduction of two levels and a three level deduction for
6 acceptance of responsibility. Although the government
7 estimates in the plea agreement that the defendant is entitled
8 to a minor role adjustment only, the probation department has
9 determined that he is entitled to a four level deduction for
10 minimal role.

11   The presentence report recounts that defendant's
12 primary role was to tell Adams when Customs and border
13 protection were not in the baggage unloading area. The report
14 also relates that there is no evidence that defendant ever
15 removed drugs from an airplane or that he was ever responsible
16 in any way for trafficking in cocaine.

17   Finally, although the presentence report mentions
18 that on one occasion at Adams' direction Blair removed drugs
19 from the airport, defense counsel has disputed the existence
20 of any such evidence. The government has not contested the
21 correctness of counsel's assertion and I've been unable to
22 locate in the record any evidence that this occurred.

23   I assume therefore that without any downward
24 departures, defendant's adjusted offense level is 15 which
25 with a criminal history category of one carries a range of

1  imprisonment under the advisory guidelines of 18 to 24 months.

2  　　　　　In assessing the appropriate sentence, I have
3  considered the advisory guidelines.  As to the nature and
4  circumstances of defendant's offense, it is evident from the
5  recitation that I just gave that defendant's participation in
6  marijuana importation at JFK was extraordinarily limited in
7  its scope.

8  　　　　　Defendant's role was that of lookout only and he
9  apparently engaged in that role for no more than a seven week
10 period at the close of the Air Jamaica Flight 15 conspiracy.

11 　　　　　Apart from the fact that there is no evidence that
12 defendant benefited from his participation much less possessed
13 any decision-making authority in the venture, there is more
14 importantly an absence of evidence that defendant knew or
15 understood the scope and structure of the enterprise or that
16 he even had information from which to deduce the amount of
17 marijuana that was the subject of the importations which his
18 lookout activities ultimately furthered.  Where a defendant
19 played so limited a role in an importation scheme, a sentence
20 driven by a base offense level predicated only on an amount of
21 narcotic of which defendant had no reason to know, here a base
22 offense level of 24 determined based upon 80 kilograms of
23 marijuana seems a particularly unsatisfying means of
24 ascertaining the true seriousness of defendant's conduct.

25 　　　　　In this respect, the seriousness of defendant's

1  conduct is in my view overstated by the advisory guidelines.
2  I'm in agreement with defense counsel's observation that
3  defendant operated in a relative vacuum both visa vis his
4  coconspirators and compared to an average participant in a
5  crime of this nature.
6      On the other hand, in considering the nature and
7  circumstances of defendant's offense, I have in the case of
8  Mr. Blair as in the case of other airport employees considered
9  as an exacerbating factor the fact that he made use of his job
10 position at JFK Airport in committing the crime of which he
11 was convicted.
12     Although I have found that the government failed to
13 present evidence sufficient to find by a preponderance that
14 law enforcement authorities in fact reposed trust in the
15 airport employees, a finding essential to impose the abuse of
16 trust enhancement under the guidelines, there is ample
17 evidence in the record to establish that defendant took
18 advantage of his job in committing this offense, a job that
19 though not established to be a repository of trust by law
20 enforcement is nonetheless a highly sensitive one due to the
21 enhanced societal dangers posed by corruption at a major
22 international port or airport such as John F. Kennedy
23 International Airport.
24     That said, however, all of the other facts and
25 circumstances surrounding defendant's offense strongly

                                                                12

1   mitigate the seriousness of his conduct.
2        As noted, most prominent among these are defendant's
3   extremely limited role in the venture and the absence of
4   evidence suggesting that defendant even understood the scope
5   of the conspiracy or had any reason to perceive the amount of
6   narcotics involved.  It is also of relevance that defendant's
7   offense involved no weapons or violence of any kind.
8        Turning to the history and characteristics of the
9   defendant, Mr. Blair is a 42 year old naturalized citizen who
10  has no record of convictions or arrests or indeed of any prior
11  brushes with the law.  He is married and has a five year old
12  son as well as a 17 year old daughter from a prior
13  relationship for whom he pays child support in the amount of
14  $187 biweekly.  To support his wife and children, defendant
15  has always been gainfully employed.  Prior to his airport
16  employment, he worked as a limousine driver, a security guard,
17  a gas station attendant, often working two jobs at the same
18  time.
19       Since his arrest for this offense, he has persisted
20  in his gainful employment as a security guard, a truck driver
21  and an environmental service employee at a hospital,
22  throughout much of this time working two jobs simultaneously.
23       Although defendant and his wife are both employed,
24  they still have a negative monthly cash flow.  Counsel has
25  asserted that defendant's incarceration would likely result in

1  the loss of the family home and nothing in the record disputes
2  this assertion.
3         Letters submitted from family and friends attest to
4  the many positive qualities in defendant's character as well
5  as devotion to his family.  Indeed, a letter from his
6  supervisor at Swissport, defendant's employer at John F.
7  Kennedy Airport, describes him as "dependable and trustworthy,
8  "decent, hard working and disciplined," and someone
9  demonstrating "remarkable moral judgment."
10         Given all of the facts and circumstances pertaining
11  to the defendant and his offenses, I believe that a sentence
12  of four years probation with a special condition requiring
13  nine months home detention is sufficient but not unduly severe
14  to accomplish the goals of sentencing enumerated in Section
15  3553(a).
16         Although I certainly do not denigrate the
17  seriousness of defendant's offense, when placed in the context
18  of defendant's especially limited role in the conspiracy and
19  his personal and family circumstance and characteristics, I
20  believe this sentence is ample to serve the goal of just
21  punishment.
22         Further, the facts and circumstances point to an
23  infinitesimal risk of recidivism in this case, supporting the
24  conclusion that the selected sentence amply serves the goal of
25  specific deterrence and the companion goals of protecting the

14

1    public against future acts of the defendant.
2            Finally, under the unusual facts and circumstance of
3    this case, I view the selected sentence as sufficient to serve
4    the goal of general deterrence and one that will insure the
5    absence of unwarranted sentencing disparities.  In this regard
6    I believe this sentence is of sufficient severity again under
7    the peculiar circumstances of this case to serve as a
8    deterrent to other airport employees who might otherwise
9    succumb to the temptation to corrupt their sensitive positions
10   for pecuniary or other personal gain.
11           Accordingly, I sentence Mr. Blair to four years
12   probation with a special condition that he serve nine months
13   home detention.  I prohibit the possession of a firearm.  I
14   make a finding that he is unable to pay a fine but I will
15   impose the mandatory 100-dollar special assessment.
16           There is nothing to dismiss, I assume?
17           MR. RAMOS:  Yes, there is, your Honor.  He pleaded
18   to the superseding indictment.  There was one count there and
19   a previous indictment.  We move to dismiss those.
20           THE COURT:  The motion is granted.
21           Mr. Blair, there are circumstances in which a
22   defendant may appeal the sentence.  I don't believe it will
23   apply in your case but you discuss that with your attorney.
24   If you choose to appeal, a notice of appeal must be filed
25   within 10 days and if you couldn't afford an attorney, one