UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------x

UNITED STATES OF AMERICA

        -v-

GLADSTONE BLAIR
-----------------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER:CR-03-1368(ARR)

    FRANCISCO E. CELEDONIO, ESQ
  401 BROADWAY, 25th FL.
NEW YORK,NEW YORK 10013
Defendant's Attorney & Address

THE DEFENDANT:
XXX   pleaded guilty to count one of the superseding indictment.
____   was found guilty on counts                 after a plea of not guilty.
     Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 952 & | CONSPIRACY TO IMPORT | ONE(1) |
| 963 | & POSSESS WITH INTENT TO DISTRIBUTE MARIJUANA. | |

The defendant is sentenced as provided in pages 2 through    of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

____   The defendant has been found not guilty on count(s)       and is discharged as to such count(s).
XXX   Remaining counts are dismissed on the motion of the United States.
XXX   It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due  XXX immediately  ____  as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec _____

Defendant's Date of Birth 9/8/62

Defendant's Mailing Address:

172-45 128th AVENUE

JAMAICA,NEW YORK 11434

Defendant's Residence Address:

     ( SAME AS ABOVE )

APRIL 12,2006
Date of Imposition of Sentence
       ARR

ALLYNE R. ROSS, U.S.D.J.

APRIL 12,2006
Date

A TRUE COPY ATTEST
Date:_____
ROBERT C. HEINEMANN
CLERK OF COURT

By:_____

DEPUTY CLERK

## PROBATION

The defendant is hereby placed on probation for a term of _four (4) years_ .


While on probation, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page).  If this Judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution.  The defendant shall comply with the following additional conditions:

1) DEFT SHALL SERVE NINE (9) MONTHS HOME CONFINEMENT.
2) DEFT SHALL NOT POSSESS ANY FIREARMS.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

## FINE WITH SPECIAL ASSESSMENT

      The defendant shall pay to the United States the sum of $ <u>100.00</u>    , consisting of a fine of $<u>   N/A       </u> and a special assessment of $ <u>100.00             </u>.

____    These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

        This sum shall be paid ___ immediately
                               ___ as follows:

<u>XXX</u>   The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

                ____   The interest requirement is waived.
                ____   The interest requirement is modified as follows:

1          THE COURT:  I certainly hope not.

2          I turn first to a calculation of the advisory

3    guideline.  Both parties agree that the defendant's base

4    offense level is 24, that he should be accorded a safety valve

5    deduction of two levels and a three level deduction for

6    acceptance of responsibility.  Although the government

7    estimates in the plea agreement that the defendant is entitled

8    to a minor role adjustment only, the probation department has

9    determined that he is entitled to a four level deduction for

10   minimal role.

11         The presentence report recounts that defendant's

12   primary role was to tell Adams when Customs and border

13   protection were not in the baggage unloading area.  The report

14   also relates that there is no evidence that defendant ever

15   removed drugs from an airplane or that he was ever responsible

16   in any way for trafficking in cocaine.

17         Finally, although the presentence report mentions

18   that on one occasion at Adams' direction Blair removed drugs

19   from the airport, defense counsel has disputed the existence

20   of any such evidence.  The government has not contested the

21   correctness of counsel's assertion and I've been unable to

22   locate in the record any evidence that this occurred.

23         I assume therefore that without any downward

24   departures, defendant's adjusted offense level is 15 which

25   with a criminal history category of one carries a range of

1   imprisonment under the advisory guidelines of 18 to 24 months.

2            In assessing the appropriate sentence, I have

3   considered the advisory guidelines.  As to the nature and

4   circumstances of defendant's offense, it is evident from the

5   recitation that I just gave that defendant's participation in

6   marijuana importation at JFK was extraordinarily limited in

7   its scope.

8            Defendant's role was that of lookout only and he

9   apparently engaged in that role for no more than a seven week

10  period at the close of the Air Jamaica Flight 15 conspiracy.

11           Apart from the fact that there is no evidence that

12  defendant benefited from his participation much less possessed

13  any decision-making authority in the venture, there is more

14  importantly an absence of evidence that defendant knew or

15  understood the scope and structure of the enterprise or that

16  he even had information from which to deduce the amount of

17  marijuana that was the subject of the importations which his

18  lookout activities ultimately furthered.  Where a defendant

19  played so limited a role in an importation scheme, a sentence

20  driven by a base offense level predicated only on an amount of

21  narcotic of which defendant had no reason to know, here a base

22  offense level of 24 determined based upon 80 kilograms of

23  marijuana seems a particularly unsatisfying means of

24  ascertaining the true seriousness of defendant's conduct.

25           In this respect, the seriousness of defendant's

1 conduct is in my view overstated by the advisory guidelines.

2 I'm in agreement with defense counsel's observation that

3 defendant operated in a relative vacuum both visa vis his

4 coconspirators and compared to an average participant in a

5 crime of this nature.

6 On the other hand, in considering the nature and

7 circumstances of defendant's offense, I have in the case of

8 Mr. Blair as in the case of other airport employees considered

9 as an exacerbating factor the fact that he made use of his job

10 position at JFK Airport in committing the crime of which he

11 was convicted.

12 Although I have found that the government failed to

13 present evidence sufficient to find by a preponderance that

14 law enforcement authorities in fact reposed trust in the

15 airport employees, a finding essential to impose the abuse of

16 trust enhancement under the guidelines, there is ample

17 evidence in the record to establish that defendant took

18 advantage of his job in committing this offense, a job that

19 though not established to be a repository of trust by law

20 enforcement is nonetheless a highly sensitive one due to the

21 enhanced societal dangers posed by corruption at a major

22 international port or airport such as John F. Kennedy

23 International Airport.

24 That said, however, all of the other facts and

25 circumstances surrounding defendant's offense strongly

1    mitigate the seriousness of his conduct.

2           As noted, most prominent among these are defendant's

3    extremely limited role in the venture and the absence of

4    evidence suggesting that defendant even understood the scope

5    of the conspiracy or had any reason to perceive the amount of

6    narcotics involved.  It is also of relevance that defendant's

7    offense involved no weapons or violence of any kind.

8           Turning to the history and characteristics of the

9    defendant, Mr. Blair is a 42 year old naturalized citizen who

10   has no record of convictions or arrests or indeed of any prior

11   brushes with the law.  He is married and has a five year old

12   son as well as a 17 year old daughter from a prior

13   relationship for whom he pays child support in the amount of

14   $187 biweekly.  To support his wife and children, defendant

15   has always been gainfully employed.  Prior to his airport

16   employment, he worked as a limousine driver, a security guard,

17   a gas station attendant, often working two jobs at the same

18   time.

19          Since his arrest for this offense, he has persisted

20   in his gainful employment as a security guard, a truck driver

21   and an environmental service employee at a hospital,

22   throughout much of this time working two jobs simultaneously.

23          Although defendant and his wife are both employed,

24   they still have a negative monthly cash flow.  Counsel has

25   asserted that defendant's incarceration would likely result in

1   the loss of the family home and nothing in the record disputes

2   this assertion.

3         Letters submitted from family and friends attest to

4   the many positive qualities in defendant's character as well

5   as devotion to his family. Indeed, a letter from his

6   supervisor at Swissport, defendant's employer at John F.

7   Kennedy Airport, describes him as "dependable and trustworthy,

8   "decent, hard working and disciplined," and someone

9   demonstrating "remarkable moral judgment."

10         Given all of the facts and circumstances pertaining

11   to the defendant and his offenses, I believe that a sentence

12   of four years probation with a special condition requiring

13   nine months home detention is sufficient but not unduly severe

14   to accomplish the goals of sentencing enumerated in Section

15   3553(a).

16         Although I certainly do not denigrate the

17   seriousness of defendant's offense, when placed in the context

18   of defendant's especially limited role in the conspiracy and

19   his personal and family circumstance and characteristics, I

20   believe this sentence is ample to serve the goal of just

21   punishment.

22         Further, the facts and circumstances point to an

23   infinitesimal risk of recidivism in this case, supporting the

24   conclusion that the selected sentence amply serves the goal of

25   specific deterrence and the companion goals of protecting the

1     public against future acts of the defendant.

2           Finally, under the unusual facts and circumstance of

3     this case, I view the selected sentence as sufficient to serve

4     the goal of general deterrence and one that will insure the

5     absence of unwarranted sentencing disparities.  In this regard

6     I believe this sentence is of sufficient severity again under

7     the peculiar circumstances of this case to serve as a

8     deterrent to other airport employees who might otherwise

9     succumb to the temptation to corrupt their sensitive positions

10     for pecuniary or other personal gain.

11           Accordingly, I sentence Mr. Blair to four years

12     probation with a special condition that he serve nine months

13     home detention.  I prohibit the possession of a firearm.  I

14     make a finding that he is unable to pay a fine but I will

15     impose the mandatory 100-dollar special assessment.

16           There is nothing to dismiss, I assume?

17           MR. RAMOS:  Yes, there is, your Honor.  He pleaded

18     to the superseding indictment.  There was one count there and

19     a previous indictment.  We move to dismiss those.

20           THE COURT:  The motion is granted.

21           Mr. Blair, there are circumstances in which a

22     defendant may appeal the sentence.  I don't believe it will

23     apply in your case but you discuss that with your attorney.

24     If you choose to appeal, a notice of appeal must be filed

25     within 10 days and if you couldn't afford an attorney, one